UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

KEVIN J SMITH,

Plaintiff,

v.                                                        No. 1:25-CV-10005-AK

UNITED STATES OF AMERICA,

Defendant.

## MEMORANDUM OF LAW IN SUPPORT OF
## THE UNITED STATES OF AMERICA'S MOTION TO DISMISS

Plaintiff Kevin Smith, proceeding pro se, has brought an amended Complaint

("Complaint") in the above-captioned matter, alleging two counts of negligence against the

United States, pursuant to the Federal Tort Claim Act ("FTCA").[1]   As set forth herein, Plaintiff

has failed to present a written claim to the appropriate federal agency ("administrative claim")

within two years of when the claim accrued, as required by the FTCA.  Having failed to timely

file an administrative claim, Plaintiff is "forever barred" from bringing his FTCA claims against

the United States. 28 U.S.C. § 2401(b).   Accordingly, the Court should dismiss the Complaint

for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).

I.      BACKGROUND

Plaintiff alleges that Dr. Donald Miller has been his primary care physician for more than

30 years, from the late 1980's through 2020.  (Complaint ¶ 13).   Plaintiff focuses on the time

period between December 9, 2009, and January 30, 2020, when Dr. Miller was employed at the

---

[1] The original Complaint was filed on January 2, 2025.  On February 13, 2025, the
Plaintiff filed an amended Complaint.

Lowell Community Health Center ("LCHC").  (Complaint ¶ 13, 16-17).[2]  Plaintiff alleges that the Lowell Community Health Center is a federally funded organization, and that therefore, this Court has jurisdiction over this matter under the FTCA.  (Complaint ¶ 3).  Further, Plaintiff alleges that Dr. Miller, while an employee of LCHC, treated him within the scope of his employment.  (Complaint ¶ 4).

According to the Complaint, Dr. Miller, while in private practice, diagnosed him with Restless Leg Syndrome ("RLS").  (Complaint ¶ 14).  Plaintiff alleges that starting on May 17, 2007, Dr. Miller prescribed a "starter dose" of ropinirole to him to treat the RLS.  (Complaint ¶ 15).  He further alleges that at his last appointment with Dr. Miller when Dr. Miller was in private practice, Dr. Miller increased the dosage to 4 mg/day, which Plaintiff asserts is the maximum dosage recommended by the drugmaker and the FDA for RLS patients.  (Complaint ¶ 15).

Plaintiff then alleges that after Dr. Miller moved to the LCHC, that Dr. Miller continued to prescribe ropinirole to him from December 9, 2009 to January 30, 2020, and that the dosage increased during that period, with the last dosage level being 12 mg XL (extended release) once a day with an additional 2 mg dose as needed.  (Complaint ¶ 17).

According to the Complaint, one of the side effects of ropinirole is compulsive behavior such as gambling; based on medical literature as early as 2005, and as stated in an FDA warning on the drug packaging starting in 2014.  (Complaint ¶ 18-19).

---

[2] According to the Complaint, prior to working at the LCHC, Dr. Miller was in private practice.   Plaintiff does not allege that Dr. Miller's actions while in private practice fall within the scope of his FTCA complaint.

Plaintiff alleges that he was not aware of the gambling/ropinirole link, but in 2016, he started feeling the urge to gamble; and that from 2016 and continuing through January 2020, he became a gambling addict.  (Complaint ¶ 20-21).

Plaintiff states that he became aware of the link between ropinirole and gambling on January 5, 2020, when he did an internet search.  (Complaint ¶ 22).  Plaintiff said that Dr. Miller confirmed Plaintiff's findings by email of January 6, 2020, in which Dr. Miller wrote: "That's 100% accurate, dopamine agonists (ropinirole, pramipexole, and others) can lead to compulsive gambling and other things." (Complaint ¶ 23).   Further, Plaintiff alleges that Dr. Miller explained that he himself had discovered the link between gambling and ropinirole in 2017. (Complaint ¶ 23).

According to the Complaint, on January 20, 2020, Plaintiff had an appointment with Dr. Miller and that during that visit, Plaintiff asked Dr. Miller's advice about a possible legal action against the drugmaker.  (Complaint ¶ 24).   In response, Dr. Miller allegedly replied that Plaintiff "[s]hould sue me, I'm responsible, I gave you the drug" and "Don't worry about me, my insurance company will pay my legal bills and any settlement." (Complaint ¶ 24).   Further, according to the Complaint, Dr. Miller advised Plaintiff that the limit of his insurance coverage was $1 million.  (Complaint ¶ 24).

Despite discovering the probable cause of his gambling addiction and despite Dr. Miller's suggestion that Plaintiff sue him, Plaintiff did not take any action for more than two years.

Instead, according to the Complaint, it was only two and half years later, in early July 2022, Plaintiff, through his former attorney Damon Seligson, sent a letter to Dr. Miller informing him that they were filing a claim against him for medical malpractice.  (Complaint ¶ 5).   Further, according to the Complaint, on July 11, 2022, Plaintiff received a telephone call from Dr. Miller

3

saying that he had received the letter; that the letter had been forwarded to the insurer who provided his malpractice coverage; and that he had hand-delivered the claim to his superiors at LCHC.   (Complaint ¶ 6).

Plaintiff alleges that in June 2023, he contacted the Department of Health and Human Services ("HHS") to inquire about the status of his claim,[3] assuming that LCHC had forwarded the claim to HHS, but that HHS advised that no claim had been sent to them by LCHC. (Complaint ¶ 10).    Plaintiff then alleges that on June 22, 2023, he (re) submitted his claim to HHS; and that on March 25, 2024, he received notification that his claim was denied. (Complaint ¶ 11).   Plaintiff further alleges that on April 29, 2024, he requested reconsideration of his claim; and that on November 24, 2024, the reconsideration was denied.  (Complaint ¶ 12).

Plaintiff brings three counts of negligence against the United States, claiming that Dr. Miller, as an agent and/or employee of LCHC,[4] (1) breached his duty of care by overprescribing medication (ropinirole), (Complaint ¶¶ 34 -41); (2) failed to disclose to Plaintiff that ropinirole could cause erratic behavior including excessive gambling.  (Complaint ¶¶ 42 -48); and (3) prescribed a prohibited form of ropinirole (the "XL" (extended-release) form of that medication. (Complaint ¶¶ 49-54).

---

[3] When he speaks of his "claim," Plaintiff appears to be referring a notice of claim letter dated July 12, 2022, which he, through his former attorney Damon Seligson, sent to Dr. Miller's home address informing him that they intended to file a claim against him for medical malpractice.

[4] The issue of whether Dr. Miller is a federal employee is one that the United States does not concede at this time.  We argue at this stage that even assuming *arguendo* that Dr. Miller were a federal employee, the Complaint must be dismissed given that it is barred by the two-year statute of limitations for claim under the FTCA.

Plaintiff alleges that as result of Dr. Miller's negligence, Plaintiff suffered extreme financial losses, the loss of his home and emotional pain, for which he seeks monetary damages of $750,000.

## II.    LEGAL STANDARD

"The Federal Torts Claims Act (FTCA or Act) provides that a tort claim against the United States "shall be forever barred" unless it is presented to the 'appropriate Federal agency within two years after such claim accrues' and then brought to federal court 'within six months' after the agency acts on the claim." *United States v. Wong*, 575 U.S. 402, 405 (2015) (quoting 28 U.S.C. § 2401(b)). Because the FTCA's time bars are non-jurisdictional, *United States v. Wong*, 575 U.S. at 412, motions for dismissals based on FTCA time bars should be brought under Federal Rule of Civil Procedure 12(b)(6) or considered pursuant to Federal Rule of Civil Procedure 56. *Morales-Melecio v. United States (Department of Health and Human Services)*, 890 F.3d 361, 367 (1st Cir. 2018); *Duke v. Community Health Connections, Inc.*, 355 F.Supp.3d 49, 54 (D. Mass 2019).

Here, the Court should dismiss the Complaint under Rule 12(b)(6) because, even taking all of the Complaint's allegations to be true; and without the need for any additional evidence, the Plaintiff has failed to present his claim to the appropriate federal agency (here HHS) within two years of when his claim accrued. Thus, this lawsuit is time-barred.

"The general rule, within the meaning of the FTCA, is that a tort claim accrues at the time of the plaintiff's injury." *Skwira v. United States*, 344 F.3d 64, 70 (1st Cir. 2003) (quoting *Attallah v. United States*, 955 F.2d 776 (1st Cir. 1992)). The First Circuit has employed an objective standard to determine whether a plaintiff knew of sufficient facts for his action to accrue. *Morales-Melecio*, 890 F.3d at 368. "A plaintiff need only be aware of his injury and the

facts establishing the <u>probable cause</u> of the injury for the claim to accrue). *Morales-Melecio*,

890 F.3d at 369 (citing *United States v. Kubrick*, 444 U.S. 111 (1979)).

In the context of medical malpractice claims, a "discovery" rule applies, such that a claim

"accrues" when an injured party "knows both the existence and the cause of his injury." *Skwira*

*v. United States*, 344 F.3d at 70 (quoting *Kubrick*, 444 U.S. at 113). "Notably, for a claim to

accrue in the medical malpractice context, a putative plaintiff does not need to know whether 'his

injury was negligently inflicted' or whether a physician or hospital is a federal employee." *K.B.*

*v. United States*, 2024 WL 2701969, *4 (D. Mass. May 24, 2024).

## III.    THE COURT MUST DISMISS PLAINTIFF'S COMPLAINT FOR FAILURE TO PRESENT AN ADMINISTRATIVE CLAIM WITHIN TWO YEARS OF THE ACCRUAL OF HIS CLAIM

In this case, Plaintiff failed to present his administrative claim to the appropriate federal

agency, HHS, within the FTCA's two-year statute of limitations. Thus, the Complaint is time-

barred, and it must be dismissed.

### Plaintiff's Administrative Claim Was Untimely

According to the Complaint, Plaintiff's compulsive gambling symptoms began in 2016.

He states that he discovered the link between gambling in ropinirole on January 5, 2020, during

an internet search; and that on January 6, 2020, Dr. Miller confirmed the link between ropinirole

and gambling. In addition, Plaintiff alleges that on January 20, 2020, he had a conversation with

Dr. Miller, during which Dr. Miller admitted his responsibility for prescribing the drug and

stated that Plaintiff "should sue" Dr. Miller.[5]

---

[5] Although Plaintiff alleges Dr. Miller admitted liability, Defendant denies that Dr. Miller
breached the standard of care in this matter.

Thus, based on the allegations in the Complaint, Plaintiff's claim accrued no later than January 20, 2020, when he discovered and confirmed the link between ropinirole and his gambling addiction; and when Dr. Miller even admitted his responsibility and invited Plaintiff to sue him.  The FTCA required that Plaintiff file an administrative claim within two years, that is by January 20, 2022.

However, based on the Complaint, the first time that Plaintiff tried to submit a claim to the agency was two and a half years after the accrual the claim, when his prior attorney Damon Seligon sent a letter in July 2022 to Dr. Miller.   Plaintiff alleges that he assumed that the letter would be forwarded to HHS.  Even assuming that the July 2022 letter sufficed as a claim upon the agency HHS,[6] it was untimely as it was presented more than five months after the two-year statute of limitations of the FTCA expired in January 2022.

 Plaintiff himself seems to acknowledge that his Complaint is subject to challenge for untimeliness, nothing that "I have been warned by an HHS attorney during the administration phase of the FTCA that Department of Justice (DOJ) attorneys may seek to have this complaint dismissed for failing to meet the two-year statute of limitations." (Complaint ¶ 31).   Plaintiff then states: "In fairness, I trust those attorneys will contact Dr. Miller before filing a motion to dismiss to verify the truthfulness of my statements above.  If Dr. Miller validates what I have described above, I sincerely hope the DOJ will do the right thing and let this matter be decided

---

[6] "To facilitate the filing of administrative claims against government agencies, the Department of Justice has developed a standardized form, SF-95, which satisfies the statute's notice of claim requirement." *Skwira*, 344 F.3d at 70.  "A potential claimant has two years after her claim accrues to complete and submit this two-page form." *Id*.  The July 2022 letter, which Plaintiffs calls his initial "claim" was not submitted using an SF-95 form.   It was not until July 5, 2023, that HHS received an SF-95 Form, dated June 22, 2023, from the Plaintiff.  That SF-95 form was submitted a year and five months after the FTCA two-year statute of limitations had expired.

on its merits instead of trying to take advantage of misleading information by the doctor to have this case dismissed." (Complaint ¶ 31).

However, even taking all the allegations in the Complaint as true, including Plaintiff's descriptions of what Dr. Miller said; there is no basis to find that Plaintiff timely filed his administrative claim to HHS. According to the Complaint, Dr. Miller immediately confirmed his own responsibility in prescribing ropinirole, and he never said anything to dissuade the Plaintiff from filing a lawsuit. On the contrary, as early as January 20, 2020, Dr. Miller encouraged the Plaintiff to sue him. Plaintiff, however, chose to not present an administrative claim until well after the two-year deadline of the FTCA had expired.

**Equitable Tolling Does Not Apply**

Plaintiff claims that Dr. Miller gave him "misleading information," and he essentially argues that the Court should equitably toll the statute of limitations on that ground. However, this argument fails.

"The doctrine of equitable tolling suspends the running of the statute of limitations if a plaintiff, in the exercise of reasonable diligence, could not have discovered information essential to the suit." *Gonzalez v. United States*, 284 F.3d 281, 291 (1st Cir. 2002). "Tolling is 'appropriate only when the circumstances that cause a plaintiff to miss a filing deadline are out of his hands" *Id.*

In the present case, all that Plaintiff points to in terms of "misleading information" by Dr. Miller are Dr. Miller's alleged statements on January 20, 2020, that he was covered by a private malpractice insurer for up to $1 million, and that the Plaintiff should sue him because the insurance company would pay Dr. Miller's legal bills and any settlement. (Complaint ¶ 24). According to the Plaintiff, Dr. Miller allegedly reiterated this assurance on subsequent telephone

calls on 10/6/20, 2/28/22, and 3/1/22.  (Complaint ¶ 27).   Plaintiff also alleges that he has a text message from Dr. Miller on 1/30/20 which reads, "Just want to reiterate that I'd support you in a malpractice suit.  It's practically no skin off my back.  The insurance company would pay up including my legal bills and as a retiree, reputation is irrelevant.  I'd rather see you compensated."  (Complaint ¶ 27).

Even assuming that Dr. Miller made these statements, namely that (1) he had insurance coverage of up to $1 million, (2) that the insurer would cover legal fees and settlement, and (3) that Plaintiff should sue him, these facts do not toll the statute of limitations.   Dr. Miller did not dissuade or encourage the Plaintiff to delay filing an administrative claim or lawsuit.  On the contrary, Dr. Miller encouraged Plaintiff to sue him.

Plaintiff attempts to excuse his delay in filing the administrative claim until after the expiration of the FTCA two-year statute of limitations on the ground that he assumed Dr. Miller was not a federal employee, since Dr. Miller had private insurance coverage.  (Complaint ¶ 28).  However, Dr. Miller never denied being a federal employee.  In fact, when the Plaintiff finally asked Dr. Miller on March 1, 2022, whether he was a federal employee, Dr. Miller said. "I get a government check, so I guess I'm a government employee."  (Complaint ¶ 29).   The fact that Plaintiff himself had assumed that Dr. Miller was not a federal employee, does not toll the statute of limitations.  For a medical malpractice claim to accrue under the FTCA, "knowledge of the legal status of the physician as a federal employee is not required for claim accrual." *Morales-Melecio,* 890 F.3d at 369 (citing *Skwira v. United States*, 344 F.3d 64, 76 (1st Cir. 2003); *see K.B. v. United States*, 2024 WL 2701969, *4 (D. Mass. May 24, 2024).   Furthermore, Plaintiff could have easily asked Dr. Miller about his status as a federal employee at any point, but he chose to not ask this question until after the FTCA statute of limitations had expired.

The First Circuit's opinion in *Gonzalez v. United States*, 284 F.3d 281 (1st Cir. 2002), is on all fours with the present case.   In *Gonzalez*, the plaintiff had argued that the court should equitably toll the FTCA statute of limitations because she did not know, and could not have known, that the defendants were federal employees; and thus, she did not know that the FTCA's two-year statute of limitations applied to her case.  *Id.*   The First Circuit rejected that argument, finding that the plaintiff could not make a showing of due diligence on this issue, as she had not made any inquiry as to the status of the defendants as federal employees; and the plaintiff did not allege that this information was hidden or concealed from her.  *Id.*   The First Circuit concluded, "This demonstrates a clear lack of due diligence on the part of the plaintiff and her attorneys. We hold that the district court properly rejected the plaintiff's claim that the statute of limitations should be tolled on the ground that the plaintiff was unaware of the defendants' status as federal employees."  *Id.* at 292.

Similarly, in the present case, the Plaintiff could have simply asked Dr. Miller if he was federal employee, during the two years that passed between the January 20, 2020, conversation when Dr. Miller allegedly admitted his liability and made all of the statements that the Plaintiff attributes to him; and the FTCA statute of limitations deadline of January 20, 2022.   Instead, the Plaintiff made no such inquiry until July 11, 2022.   The Plaintiff then sent notification about his claim in July 2022, more than five months after the expiration of the FTCA statute of limitations.

The Plaintiff has failed to make a showing a due diligence on this issue.   This Court should decline to equitably toll the FTCA two-year statute of limitations.

## IV.    CONCLUSION

For the foregoing reasons, the Court should dismiss Plaintiff's claim against the United

States as being time-barred, as he failed to present a written administrative claim to the

appropriate federal agency within two years of when Plaintiff's tort claim accrued.

The Court should dismiss the Complaint under Federal Rule of Civil Procedure 12(b)(6),

for failure to state a claim.

Respectfully submitted,

LEAH B. FOLEY

United States Attorney

Dated: February 20, 2025                    By: */s/ Shawna Yen*
                                            SHAWNA YEN
                                            Assistant U.S. Attorney
                                            United States Attorney's Office
                                            1 Courthouse Way, Suite 9200
                                            Boston, MA  02210
                                            617-748-3100
                                            Shawna.Yen@usdoj.gov


## CERTIFICATE OF SERVICE

I hereby certify that the foregoing was filed through the Electronic Court Filing system
and will be sent electronically to the registered participants as identified on the NEF and paper
copies to those not registered.


Dated: February 20, 2025                    By: */s/ Shawna Yen*
                                            SHAWNA YEN
                                            Assistant U.S. Attorney