**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

|  |  |  |
|---|---|---|
| KEVIN J. SMITH, SR., | ) ) ) | |
| Plaintiff, | ) ) ) | |
|  | ) | Civil Action No. 1:25-CV-10005-AK |
|  | ) ) ) | |
| UNITED STATES, | ) ) ) | |
| Defendant. | ) ) | |

**ORDER ON DEFENDANT'S MOTION TO DISMISS**

**A. KELLEY, D.J.**

Plaintiff Kevin Smith ("Smith" or "Plaintiff"), proceeding pro se, brings the instant suit against the United States ("the Government" or "Defendant") for negligence claims under the Federal Tort Claim Act ("FTCA"). The Government moves to dismiss under Rule 12(b)(6), arguing Plaintiff's claims are time barred by the FTCA for failure to timely file an administrative claim. [Dkts. 15; 16]. For the reasons below, Defendant's Motion to Dismiss [Dkt. 15] is **GRANTED**.

**I.    BACKGROUND**

Plaintiff's suit alleges medical malpractice for the prescription of medication argued to have caused his gambling addiction. Plaintiff was first prescribed ropinirole by Dr. Donald Miller, his treating physician, in 2007. [Dkt. 14 at ¶ 15]. Dr. Miller was in private practice at the time. [Id.]. At some point between 2007 and 2009, Dr. Miller joined the Lowell Community Health Center ("LCHC"). [Id. at ¶ 16]. Plaintiff first met with Dr. Miller at LCHC on December 9, 2009. [Id.]. Plaintiff brings his claims under the Federal Tort Claims Act ("FTCA") because

1

LCHC is a federally funded organization. [See id. at ¶ 3]. Dr. Miller continued to prescribe Plaintiff ropinirole from 2009-2020. [Id. at ¶ 17].

In 2016, Plaintiff began experiencing urges to gamble. [Id. at ¶ 20-21]. From 2016 until January 2020, he was addicted to gambling. [Id.]. On January 6, 2020, Dr. Miller confirmed that "dopamine agonists [including ropinirole] can lead to compulsive gambling." [Id. at ¶ 23]. Dr. Miller told Plaintiff on January 30, 2020, "You should sue me, I'm responsible, I gave you the drug." [Id. at ¶ 24]. In March 2022, Plaintiff engaged a medical malpractice attorney. [Dkt. 17 at 8]. On March 1, 2022, Plaintiff asked whether Dr. Miller was a federal employee and Dr. Miller answered in the affirmative. [Dkt. 14 at ¶ 29]. In July 2022, Plaintiff, through counsel, made an administrative claim as required by the FTCA. [Id. at ¶ 5]. In April 2023, Plaintiff terminated the relationship with his attorney. [Id. at ¶ 8]. Plaintiff, now proceeding *pro se*, filed the instant suit in January 2025. [Dkt. 1].

## II.     DISCUSSION

Under the FTCA, medical malpractice claims accrue when an injured party knows both the existence and cause of their injury. Skwira v. United States, 344 F.3d 64, 73 (1st Cir. 2003) (citing United States v. Kubrick, 444 U.S. 111, 113 (1979)). Plaintiff was aware of his gambling addiction and Dr. Miller's alleged role by January 30, 2020. The FTCA requires an administrative claim be made in writing "within two years after such claim accrues." 28 U.S.C. § 2401(b). Should this administrative claim not be timely filed, tort claims become "forever barred." Id. Plaintiff concedes that the statute of limitations elapsed prior to submitting his claim in July 2022. [Dkt. 17 at 5 ("I do not deny the fact that I did not submit my claim within the two year requirement.")]. Plaintiff raises several arguments for why this limitation should be tolled, each of which is addressed below.

### A.     Fraudulent Concealment Tolling

Plaintiff asks the Court to "toll the statute of limitations for the time [he] was *fraudulently* led to believe" Dr. Miller was not a federal employee. [Dkt. 17 at 11 (emphasis added)]. The doctrine of fraudulent concealment allows tolling of the statute of limitations when: (1) the defendant "engaged in fraud or deliberate concealment of material facts related to the wrongdoing"; and (2) Plaintiff failed to discover these facts "within the normal limitations period despite his or her exercise of due diligence." Gonzalez v. United States, 284 F.3d 281, 292 (1st Cir. 2002). Like the requirements of Fed. R. Civ. P. 9(b), fraudulent concealment claims require the fraud to be pleaded with particularity. See Epstein v. C.R. Bard, Inc., 460 F.3d 183, 189 (1st Cir. 2006)

In this case, Plaintiff has failed to plead fraudulent concealment with the necessary particularity. At worst, Plaintiff identifies confusion. [Dkt. 17 at 5 ("Dr. Miller . . . did not know he was a federal employee" and "was not aware of his employment status.")]. This confusion or unintentional mistake can be neither fraud nor *deliberate* concealment. See Krick v. Raytheon Co., 695 F. Supp. 3d 202, 214 (D. Mass. 2023). Moreover, the Court is unconvinced that such mistake or confusion existed. Plaintiff's only support for this proposition is his own assumption. [Id. at 7-8 ("The fact that [Dr. Miller] said he had insurance . . . demonstrates that he was not a federal employee protected by the FTCA.")]. This, however, is belied by Dr. Miller's answer when Plaintiff finally asked him whether he was a federal employee. [Dkt. 14 at ¶29 ("I guess I am a government employee.")]. Because Plaintiff makes no allegation of fraud or deliberate concealment, the Court declines to toll the statute of limitations for fraudulent concealment.

### B. Continuing Treatment Tolling

Plaintiff also invokes the doctrine of continuing treatment. [Dkt. 17 at 4 ("I believe the statute of limitations may be delayed until the 'continuous treatment' ended.")]. The continuing treatment doctrine tolls the statute of limitations "as long as the plaintiff is under the continuous treatment of the negligent actor." Lopez v. United States, 349 F. Supp. 2d 179, 185 (D. Mass. 2004); see also Parr v. Rosenthal, 475 Mass. 368, 378 (2016) ("[A] cause of action does not accrue while the patient is continuing to receive treatment for the same or related injury or illness from the same physician who allegedly caused the patient harm."). This allows a patient to "repose trust in the treating doctor" and avoid "challenging the quality of care by filing suit" until the doctor-patient relationship has ended. Lopez, 349 F. Supp. 2d at 185.

Here, Plaintiff began seeing a new primary care physician in April 2020. [Dkt. 17 at 4]. Tolling the statute of limitations until Plaintiff's doctor-patient relationship ended with Dr. Miller, the FTCA would have still required a written claim be submitted by April 2022. See 28 U.S.C. § 2401(b). The earliest date Plaintiff alleges to have made a written claim was July 2022. [Dkt. 14 at ¶ 5]. Thus, even if the Court tolls the statute of limitations under a continuing treatment theory, Plaintiff's claim fails as untimely absent further tolling.

### C. Equitable Tolling

Equitable tolling "suspends the . . . statute of limitations if a plaintiff, in the exercise of reasonable diligence, could not have discovered information essential to the suit." Gonzalez, 284 F.3d at 291. As in Gonzalez, Plaintiff and counsel here had "years to ascertain the legal status of the doctor[] and could easily have learned it." Id. In fact, Dr. Miller answered in the affirmative immediately upon Plaintiff *first asking* about his federal employment in March 2022. [Dkt. 14 at ¶ 29]. Had Plaintiff filed his administrative claim at that point, it would have been timely in light

4

of continuing treatment tolling. Plaintiff did not, however, attempt to submit a claim until July 2022. [Id. at ¶5].

The record fails to establish *why* Plaintiff, who had legal counsel at that time, did not act promptly upon learning of Dr. Miller's federal employment. The First Circuit held that, in medical malpractice FTCA cases, "the [G]overnment can . . . invoke the statute of limitations" even when a Plaintiff's attorney mistakenly misses a filing deadline. Sanchez v. United States, 740 F.3d 47, 55 (1st Cir. 2014) (quoting Arteaga v. United States, 711 F.3d 828, 834–35 (7th Cir.2013)). It reasoned that, since a list of federally funded entities is available online, "[i]t's not asking too much of the medical malpractice bar to be aware of the existence of federally funded health centers that can be sued for malpractice only under the Federal Tort Claims Act." Sanchez, 740 F.3d at 55 (internal citation and quotations omitted). When lawyers do make the mistake of not acting swiftly, the recourse is bringing a suit for legal malpractice, not asking the Court to toll the limitations period. Id.

Equitable tolling protects plaintiffs who fail to discover essential information despite their diligence. It is not available here, where Plaintiff discovered Dr. Miller's federal employment during the limitations period but did not act on that information in a timely manner.

## III.   CONCLUSION

Plaintiff's claim accrued in January 2020. Even with continuing treatment tolling until April 2020, an administrative claim was due by April 2022. Plaintiff's administrative claim was not submitted until July 2022, three months after this deadline. Because the Court declines to further toll the limitations period under fraudulent concealment or equitable theories, this FTCA claim is "forever barred" by 28 U.S.C. § 2401(b). For the foregoing reasons, Defendant's Motion to Dismiss [Dkt. 15] is **GRANTED**.

**SO ORDERED.**

Dated: April 29, 2025 /s/ Angel Kelley
Hon. Angel Kelley
United States District Judge