# United States Court of Appeals
## For the First Circuit

No. 25-1813

KEVIN J. SMITH, SR.,

Plaintiff - Appellant,

v.

UNITED STATES OF AMERICA,

Defendant - Appellee.

Before

Barron, Chief Judge,
Gelpí and Rikelman, Circuit Judges.

**JUDGMENT**

Entered: August 12, 2026

Plaintiff-appellant Kevin J. Smith, Sr., appeals from the district court's order granting the government's motion to dismiss his amended complaint on the grounds that it was barred by the statute of limitations set forth in the Federal Tort Claims Act ("FTCA"). Smith also appeals from the district court's denial of his motion for reconsideration. The government has filed a motion for summary disposition, to which Smith has filed a response.

After careful review of the parties' submissions, as well as our own independent review of the underlying record, we conclude summary affirmance is in order. See 1st Cir. R. 27.0(c). We review a grant of a motion to dismiss under Fed. R. Civ. P. 12(b)(6) de novo. See O'Brien v. United States, 155 F.4th 50, 53-54, 59 (1st Cir. 2025); Morales-Melecio v. United States (Department of Health & Human Servs.), 890 F.3d 361, 367 (1st Cir. 2018) (clarifying that motions to dismiss based on the FTCA's statute of limitations should be brought under Fed. R. Civ. P. 12(b)(6)). Under the FTCA, "a tort claim against the United States is 'forever barred' unless it is presented in writing to the appropriate federal agency within two years after the claim accrues." Gonzalez v. United States, 284 F.3d 281, 288 (1st Cir. 2002) (quoting 28 U.S.C. § 2401(b)); Skwira v. United States, 344 F.3d 64, 73 (1st Cir. 2003) (medical malpractice claim under FTCA accrues when plaintiff knows existence and probable cause of injury). "[K]nowledge of the legal status of the physician

as a federal employee is not required for claim accrual." Morales-Melecio, 890 F.3d at 369 (quoting Skwira, 344 F.3d at 76).

Smith's claim accrued in January 2020. His administrative claim was therefore required to be filed by January 2022. Assuming arguendo that "continuing treatment" tolling extended accrual of the limitations period until Smith's doctor-patient relationship with Dr. Miller ended in April 2020, Smith's administrative claim would have been due in April 2022.[1] Smith concedes that the limitations period had expired by the time he submitted his administrative claim in July 2022.

Neither equitable tolling nor equitable estoppel apply under the circumstances in this case. Smith has not shown that he or his attorney exercised due diligence to ascertain Dr. Miller's legal status as a federal employee. See Gonzalez, 284 F.3d at 291; Gould v. U.S. Dep't of Health & Human Servs., 905 F.2d 738, 745-46 (4th Cir. 1990) ("[n]o impediment, other than plaintiffs' inaction, shielded the physicians' legal identity"). Dr. Miller's statement that he had insurance coverage is not mutually exclusive of federal employment or FTCA coverage. That Smith mistakenly inferred otherwise is insufficient to show "affirmative misconduct" by the government, as required to invoke equitable estoppel. See Ramirez-Carlo v. United States, 496 F.3d 41, 49 (1st Cir. 2007) (simple negligence is insufficient to establish "affirmative misconduct"). He erroneously "assumed that this was a state case and failed to make any inquiries whatsoever to confirm [his] assumption." Gonzalez, 284 F.3d at 291. When he finally did inquire for the first time in March 2022, Dr. Miller answered that he probably was a federal employee. Had Smith promptly submitted his administrative claim upon learning of Dr. Miller's employment status, his claim may have been timely with the benefit of continuing treatment tolling. Instead, he and his counsel inexplicably waited until July 2022 to submit his claim -- long after any extended limitations period would have expired. See Sanchez v. United States, 740 F.3d 47, 55-57 (1st Cir. 2014). These circumstances do not establish reasonable diligence. Smith's FTCA claim is thus "forever barred" by the statute of limitations. 28 U.S.C. § 2401(b).

We review a district court's denial of a motion for reconsideration for a "manifest abuse of discretion." Cruz-Cedeño v. Vega-Moral, 150 F.4th 1, 9 (1st Cir. 2025) (quoting City of Miami Firefighters' & Police Officers' Ret. Tr. v. CVS Health Corp., 46 F.4th 22, 36 (1st Cir. 2022)). A motion for reconsideration is "an extraordinary remedy which should be used sparingly." Palmer v. Champion Mortg., 465 F.3d 24, 30 (1st Cir. 2006) (citation omitted); see United States v. Allen, 573 F.3d 42, 53 (1st Cir. 2009) (standards for a motion for reconsideration). Smith's motion for reconsideration reiterated the same facts and arguments made in his opposition to the government's motion to dismiss, but framed them under the new theories of innocent misrepresentation and equitable estoppel, which he had "recently discovered." It is well established that a motion for reconsideration may not be used to relitigate arguments previously considered or raise new legal

---

[1]Some of our sister circuits have adopted a "continuing treatment" tolling doctrine for medical malpractice claims under the FTCA. See, e.g., McCullough v. United States, 607 F.3d 1355, 1361-62 (11th Cir. 2010); McCoy v. United States, 264 F.3d 792, 795-96 (8th Cir. 2001); Ulrich v. Veterans Admin. Hosp., 853 F.2d 1078, 1080-81 (2d Cir. 1988); Wehrman v. United States, 830 F.2d 1480, 1483 (8th Cir. 1987); Otto v. Nat'l Institute of Health, 815 F.2d 985, 988 (4th Cir. 1987); Page v. United States, 729 F.2d 818, 823 n.36 (D.C. Cir. 1984). We need not decide the issue today.

theories. See Biltcliffe v. CitiMortgage, Inc., 772 F.3d 925, 930 (1st Cir. 2014); Fed. Deposit Ins. Corp. v. World Univ., Inc., 978 F.2d 10, 16 (1st Cir. 1992). Accordingly, the district court did not abuse its discretion in denying Smith's motion for reconsideration.

The government's motion for summary disposition is granted, and the judgment of the district court is affirmed. See 1st Cir. R. 27.0(c). The motion to expedite is denied as moot.

By the Court:

Anastasia Dubrovsky, Clerk

cc:
Kevin J. Smith Sr.
Donald Campbell Lockhart
Abraham R. George
Shawna Yen